Ronald B. **FENTON**, Plaintiff,

v.

The **PRITCHARD CORPORATION**
and Techsource Corporation,
Defendants.

Civil Action No. 95–2156–DES.

United States District Court,
D. Kansas.

Aug. 7, 1996.

Andrew C. Marquardt, Marquardt & Associates, L.L.C., Fairway, KS, for plaintiff.

Gail M. Hudek, Paul F. Pautler, Jr., Kimberly A. Jones, Hudek & Associates, P.C., Kansas City, MO, for defendants.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on the defendants' Motion for Award of Attorneys' Fees and Expenses (Doc. 69).

On June 10, 1996, the defendants moved the court for an award of attorneys' fees and costs pursuant to Fed.R.Civ.P. 54(d)(2). The court cannot consider a motion to award attorneys' fees under Fed.R.Civ.P. 54(d)(2) until after the moving party has advised the court that the parties were unable to reach an agreement with regard to the fee award. D.Kan. Rule 54.2. If the parties are unable to agree, the movant shall file a statement of consultation and a memorandum in support of its motion for fees within thirty days of the filing of said motion.

*Id.* A party seeking attorneys' fees must comply with the requirements of D.Kan. Rule 54.2 and Fed.R.Civ.P. 54(d)(2) in order to be entitled to a fee award. *Law v. National Collegiate Athletic Ass'n,* No. 94–2053–KHV, 1996 WL 104328, at *5 (D.Kan. Jan. 5, 1996).

On July 19, 1996, the court directed the defendants to show cause by July 29, 1996, why their motion should not be dismissed for failure to file a statement of consultation and memorandum in support of their motion. As of this date, the defendants have not responded.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendants' Motion for Award of Attorneys' Fees and Expenses (Doc. 69) is denied.